IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** ) | |
| ) | |
|     **Plaintiff/Counterclaim Defendant,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-0330-CG-B |
| ) | |
| **WASHER & REFRIGERATION SUPPLY** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
|     **Defendant/ Counterclaim Plaintiff/** ) | |
|     **Third Party Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **COMPASS INSURANCE AGENCY, INC.,** ) | |
| ) | |
|     **Third Party Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of Washer & Refrigeration Supply Company, Inc. ("WRS") for entry of a Rule 54(b) order (Doc. 155) and opposition thereto of Cincinnati Insurance Company ("Cincinnati")(Doc. 157).  The court, in its discretion, declines to certify a partial judgment.  Therefore, WRS' motion will be denied.

In cases involving multiple parties or multiple claims, an order adjudicating fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under FED.R.CIV.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984); Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).

>  A district court must follow a two-step analysis in determining whether a partial
>  final judgment may properly be certified under Rule 54(b). First, the court must

1

> determine that its final judgment is, in fact, both "final" and a "judgment." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). That is, the court's decision must be " 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,' " and a " 'judgment' in the sense that it is a decision upon a cognizable claim for relief." Id. (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable. Id. at 8, 100 S.Ct. at 1465. This inquiry is required because "[n]ot all final judgments on individual claims should be immediately appealable." Id. The district court must act as a "dispatcher" and exercise its discretion in certifying partial judgments in consideration of "judicial administrative interests"-including " 'the historic federal policy against piecemeal appeals' "-and "the equities involved." Id. (quoting Sears, Roebuck & Co., 351 U.S. at 438, 76 S.Ct. at 901).

Lloyd Noland Foundation, Inc., 483 F.3d at 777 -778.  The first prong has been interpreted as requiring "that a judgment 'disposes entirely of a separable claim or dismisses a party entirely' in order to be considered 'final.'" Id. at 779 (quoting In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995)).

In the instant action, WRS seeks interlocutory appeal of the order of August 8, 2008, which granted in part and denied in part Cincinnati's motion for summary judgment and denied WRS' motion for summary judgment. (Doc. 153).  "The denial of summary judgment is interlocutory in nature and is thus not appealable." In re Smith, 735 F.2d 459, 461 (11th Cir. 1984).  The order only disposed of claims to the extent summary judgment was granted.  The order granted Cincinnati's motion for summary judgment as to WRS's counterclaims for bad faith and negligent procurement.  WRS argues that there is substantive ground for difference of opinion as to whether WRS presented the requisite level of proof to establish that Cincinnati's conduct constituted bad faith. (Doc. 155, ¶ 2).  Pursuant to Rule 54(b), this court could certify that there is no just reason for delay and enter a final judgment as to those claims dismissed. Fogade v.

ENB Revocable Trust, 263 F.3d 1274, 1296 (11th Cir. 2001).  However, the court sees no just reason to certify the dismissed claims in this case.

An interlocutory appeal of this court's grant of summary judgment will delay the trial of unajudicated matters without simplifying or facilitating the trial.  Regardless of the outcome of an interlocutory appeal, a trial will be held on the breach of contract claims.  A jury verdict in favor of either party could result in a second appeal.  If the court does not certify the decision as final, then WRS will have the option of appealing the entire case at the conclusion of the trial on the breach of contract claims.  A jury verdict in favor of Cincinnati on the breach of contract claims would discredit or eliminate WRS' appeal of its bad faith claim.  Additionally, the court does not find that there is substantive ground for difference of opinion as to whether there is sufficient evidence of Cincinnati's bad faith to survive summary judgment.  After considering the judicial administrative interests, including the federal policy against piecemeal appeals, the court concludes that the equities involved do not justify entry of a final judgment at this time.

## CONCLUSION

For the reasons stated above, the motion of Washer & Refrigeration Supply Company, Inc. for entry of a Rule 54(b) order (Doc. 155) is **DENIED**.

**DONE and ORDERED** this 27th day of August, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE